IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MCOM IP, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00168-JRG |
| § | |
| UNICOM SYSTEMS, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant UNICOM Systems, Inc.'s ("Defendant") Opposed Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(6), and 28 U.S.C. § 1406(a) for Improper Venue, or in the Alternative Transfer to the Central District of California (the "Motion"). (Dkt. No. 13). Having considered the Motion and the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.    BACKGROUND**

Plaintiff mCOM IP, LLC ("Plaintiff") filed the above-captioned case on May 14, 2021 alleging that Defendant's UDTT software infringed U.S. Patent No. 8,862,508 (the "'508 Patent"). (Dkt. No. 1) (the "Complaint"). In the Complaint, Plaintiff alleged that:

> On information and belief, UNICOM sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served at its place of business or wherever they may be found. . . .
> 
> UNICOM maintains, operates, and administers methods and systems of unified banking systems that infringe one or more claims of the '508 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '508 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.

>Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

(Dkt. No. 1 ¶¶ 2, 8). In addition, the Complaint includes approximately eleven pages of claim charts mapping the accused UDTT software to the '508 Patent. On September 9, 2021, Defendant filed the instant Motion challenging Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and asserting improper venue. (Dkt. No. 13). On November 12, 2021, Plaintiff filed a response of less than one and one-half pages. This response failed to cite a single case, rule, or statute.[1] (Dkt. No. 24). Defendant filed its reply on November 19, 2021. (Dkt. No. 25).

## II. LEGAL STANDARD

### 1. Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

When challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a party can make a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the party merely files its Rule 12(b)(1) motion, it is considered a facial attack, and the Court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id.* If the allegations are sufficient to allege jurisdiction, the Court must deny the motion. *Id.* If, however, the facts in the complaint supporting subject matter jurisdiction are questioned, then the attack is "factual." *In re Blue Water Endeavors, LLC*, Bankruptcy Case No. 8-10466, 2011 WL 52525, at *3 (E.D. Tex. Jan. 6, 2011).

If the challenge is "factual" then "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The party asserting that subject matter jurisdiction exists, here Plaintiff, must bear the burden of proof by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v.*

---

[1] Given the holiday season, the Court applies the term "response" charitably.

*Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Weinberger*, 644 F.2d at 523. The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* The Fifth Circuit has recognized:

> The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question. It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations.

*Williamson*, 645 F.2d at 413.

2.  **Subject Matter Jurisdiction and 35 U.S.C. § 271**

The interplay between subject matter jurisdiction and the elements of a cause of action cannot be overlooked. 35 U.S.C. § 271(a) states:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

In assessing whether the territorial limitations of § 271 are a threshold jurisdictional requirement, the Federal Circuit has recognized that:

> Congress has not clearly stated in 35 U.S.C. § 271 or in any other statute that § 271's requirement that the infringing act happen within the United States is a threshold jurisdictional requirement as opposed to an element of the claim. To the contrary, the statute, which creates liability for patent infringement on "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore" in no way distinguishes the territorial limitation from any of the other elements necessary to show infringement.

*Litecubes, LLC. v. N. Light Prods., Inc.*, 523 F.3d 1353, 1363 (Fed. Cir. 2008) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)). The Federal Circuit has explicitly held that the Supreme

Court articulated a "bright line rule [in *Arbaugh* which] mandates that the requirement that the allegedly infringing act occur in the United States be treated as non-jurisdictional." *Id.* at 1363. Accordingly, "whether the allegedly infringing act happened in the United States is an element of the claim for patent infringement, not a prerequisite for subject matter jurisdiction." *Id.* at 1366.

### III.    DISCUSSION

As noted above, Defendant puts forth three challenges to Plaintiff's complaint: (1) Subject Matter Jurisdiction under Rule 12(b)(1); (2) Improper Venue; and (3) Failure to State a Claim of Indirect Infringement under Rule 12(b)(6).

#### 1.    Subject Matter Jurisdiction

The Court first addresses Defendant's claim that it lacks subject matter jurisdiction. Defendant points to § 271 to argue that "[b]ecause patents are territorial in nature, the statute requires (with exceptions not relevant here) that the patented invention be made, used, offered, or sold by the alleged infringer *in the United States*." (Dkt. No. 13 at 4) (emphasis in original). Defendant argues that "all of the accused UDTT system's users and customers are abroad; UNICOM has not made, used, or sold [the accused UDTT system] in the United States." (*Id.*) (citing Dkt. No. 13-2 ¶¶ 6–7). Defendant argues that paragraphs two and eight[2] of the Complaint falsely allege that Defendant has sold or offered to sell products in the United States. (*Id.* at 4–5). Defendant reasons that "[b]ecause the facts alleged to establish jurisdiction are untrue, mCom has suffered no cognizable injury and this Court lacks subject matter jurisdiction over the infringement allegations brought against UNICOM Systems." (*Id.* at 5).

Plaintiff responded with a 16-line opposition. In that opposition, Plaintiff simply states that "the Motion should be denied as plaintiff's pleading establishes an infringement cause of

---

[2] Defendant cites paragraph nine of the Complaint, but quotes paragraph eight of the Complaint.

4

action. Defendant's argument is more appropriate in a summary judgment context." (Dkt. No. 24 at 1). Plaintiff cited no authority for its position—instead putting the onus on the Court to put forth the legal support for Plaintiff's cursory argument.

Notwithstanding Plaintiff's failure to put forth a substantive opposition for the Court's benefit,[3] the Court is not persuaded that it lacks subject matter jurisdiction over Plaintiff's claims for patent infringement. The essence of Defendant's Motion is that because Plaintiff cannot establish an essential element of patent infringement—infringing conduct in the United States— the Court lacks subject matter jurisdiction. However, both the Supreme Court and the Federal Circuit have pronounced a "readily administrable bright line" rule that "an element of a plaintiff's claim for relief [is] not a jurisdictional issue." *Arbaugh*, 546 U.S. at 516. Indeed, the Federal Circuit has taken up this precise issue as to whether a lack of domestic infringement is a jurisdictional issue. In *Lightcube*, the Federal Circuit unambiguously held that "whether the allegedly infringing act happened in the United States is an element of the claim for patent infringement, not a prerequisite for subject matter jurisdiction." 523 F.3d at 1366. In other words, it is sufficient that Plaintiff has pled an infringing act occurred in the United States—which Plaintiff has done. (Dkt. No. 1 ¶¶ 2, 8–9). The fact that Plaintiff may be unable to prove such a fact at a later stage in this case is an issue on the underlying merits of Plaintiff's infringement claim, which is not properly decided by means of a motion to dismiss for lack of subject matter jurisdiction. *Lightcube*, 523 F.3d at 1366.

For the reasons stated above, the Court concludes that it does not lack subject matter jurisdiction, and as a result, it need not assess the factual dispute as to whether an infringing act

---

[3] To paraphrase Sir Winston Churchill—never in the course of human events has so much been accomplished with so little by so few.

occurred in the United States. Accordingly, Defendant's Motion is **DENIED** with respect to its challenge on subject matter jurisdiction.

### 2. Remaining Aspects of Defendant's Motion

Given the Court properly has subject matter jurisdiction, it moves forward to decide the remaining aspects of Defendant's Motion. Defendant also argues that venue is improper in the Eastern District of Texas and asks that the case be dismissed or transferred to the Central District of California ("C.D. Cal."). (Dkt. No. 13 at 6–10). Defendant argues that the case could have been brought in the C.D. Cal., and given it is headquartered in the C.D. Cal., such a transfer would be more convenient for the parties and the witnesses. (*Id.*). Notably, Plaintiff recently consented to the transfer of this case to the C.D. Cal. (Dkt. No. 24 at 1). Therefore, the Court finds that it would be in the interests of justice to accede to both parties' wishes and transfer this case to the C.D. Cal. Accordingly, Defendant's Motion is **GRANTED** with respect to its request to transfer venue.

Given the Court's decision to transfer the case, at the request of both parties, the remaining aspects of Defendant's Motion not explicitly resolved herein are **DENIED-WITHOUT-PREJUDICE** so that they can be reurged before and resolved by the C.D. Cal.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds it has subject matter jurisdiction over Plaintiff's patent infringement claims. Defendant's Motion, in this regard, is **DENIED**. The parties have consented to the transfer of this case to the C.D. Cal. Pursuant to 28 U.S.C. § 1404(a), and in light of the same, Defendant's Motion is **GRANTED**. Accordingly, it is hereby **ORDERED** that the above-captioned case is **TRANSFERRED** to the Central District of California. All other relief requested but not specifically resolved herein is **DENIED-**

**WITHOUT-PREJUDICE** to be reurged before and resolved by the presiding judge in the C.D. Cal.  The Clerk is directed to transfer this case as directed herein forthwith.

**So ORDERED and SIGNED this 9th day of December, 2021.**

```
_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE
```